UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Justin Tanner Peterson, and<br>Phone Losers of America "PLA"; | ) | C/A No.  6:08-1092-MBS-WMC |
| | ) | |
| Christianne Carafano, a/k/a Chase Masterson, and<br>John L. Ciccone; | ) | C/A No.  6:08-1093-MBS-WMC |
| | ) | |
| Thomas Cameron Kincade, and John William Fry; | ) | C/A No.  6:08-1094-MBS-WMC |
| | ) | |
| Michael Stefan Prime, and W. Patrick Kenna; | ) | C/A No.  6:08-1095-MBS-WMC |
| | ) | |
| Andrew FeLitt Bedenfield, and<br>Bert Douglas Montgomery; | ) | C/A No.  6:08-1096-MBS-WMC |
| | ) | |
| James Carroll Sexton, and Herbert Arthur Bates; | ) | C/A No.  6:08-1097-MBS-WMC |
| | ) | |
| Shawn Gementera, and George Michael Shipsey; | ) | C/A No.  6:08-1098-MBS-WMC |
| | ) | |
| John Manuel Melendrez, and Kent Aoki; | ) | C/A No.  6:08-1099-MBS-WMC |
| | ) | |
| Zameer Nooralla Mohamed, and Javid Naghani; | ) | C/A No.  6:08-1109-MBS-WMC |
| | ) | |
| Francisco Demapan Dela Cruz; | ) | C/A No.  6:08-1110-MBS-WMC |
| | ) | |
| Ahmed Ressam, a/k/a Benni Antoine Noris; | ) | C/A No.  6:08-1111-MBS-WMC |
| | ) | |
| Stephen Remy Mueller; | ) | C/A No.  6:08-1112-MBS-WMC |
| | ) | |
| John Lanny Lynch, and Kenneth Southwell; | ) | C/A No.  6:08-1113-MBS-WMC |
| | ) | |
| Jake J. Brahm; | ) | C/A No.  6:08-1114-MBS-WMC |
| | ) | |
| Kevin Eric Curtin; | ) | C/A No.  6:08-1115-MBS-WMC |
| | ) | |
| Flavio David Mendoza; | ) | C/A No.  6:08-1117-MBS-WMC |
| | ) | |
| Esther Y. Boyd; | ) | C/A No.  6:08-1118-MBS-WMC |
| | ) | |
| Brian Edward Ratigan; | ) | C/A No.  6:08-1119-MBS-WMC |

| | |
|---|---|
| Robin G. Lamont; | ) C/A No.  6:08-1120-MBS-WMC |
| Rhonda Anne McCoy; | ) C/A No.  6:08-1121-MBS-WMC |
| Shaquille O'Neal, and Dwayne Wade; | ) C/A No.  6:08-1122-MBS-WMC |
| Dominique Blakney, and Kelby Blakney; | ) C/A No.  6:08-1123-MBS-WMC |
| Kostya P. Kennedy, and Stefanie Kaufman; | ) C/A No.  6:08-1124-MBS-WMC |
| Gary Van Sickle, and Richard Demak; | ) C/A No.  6:08-1125-MBS-WMC |
| Gennaro Filice, and Jacob Luft; | ) C/A No.  6:08-1126-MBS-WMC |
| Gary Michael Hilton, and Meredith Emerson; | ) C/A No.  6:08-1127-MBS-WMC |
| Leo Felton, and Erica Chase; | ) C/A No.  6:08-1128-MBS-WMC |
| Paul James Hansen, and Brendan Brennan; | ) C/A No.  6:08-1129-MBS-WMC |
| Marty McSorely, and FCI Williamsburg; | ) C/A No.  6:08-1130-MBS-WMC |
| Frederick Keith Singleton, and Charles Thomas Dickerson; | ) C/A No.  6:08-1131-MBS-WMC |
| Aleksey Razhba, and Rebecca Winters Keegan; | ) C/A No.  6:08-1132-MBS-WMC |
| John Stockton, and Karl Malone; | ) C/A No.  6:08-1133-MBS-WMC |
| Andria Scott Hurst, and Karen Lingo; | ) C/A No.  6:08-1139-MBS-WMC |
| Ruben Campa, and Gerardo Hernandez; | ) C/A No.  6:08-1140-MBS-WMC |
| Willie Nelson, and Kenny Chesney; | ) C/A No.  6:08-1141-MBS-WMC |
| John Alex Floyd, Jr., and Paula Hunt Hughes; | ) C/A No.  6:08-1142-MBS-WMC |
| Robin Anne Spooner, and Claire Solomon Machamer; | ) C/A No.  6:08-1143-MBS-WMC |
| Christopher Ruddy, d/b/a Newsmax, and Marcus Alvia; | ) C/A No.  6:08-1144-MBS-WMC |
| Salma Hayek, and America Ferrera; | ) C/A No.  6:08-1145-MBS-WMC |

2

| | |
|---|---|
| Kenneth R. Timmerman, and Lowell Ponte; | ) C/A No.  6:08-1146-MBS-WMC |
| | ) |
| Alex Trebek, and Pat Sajak; | ) C/A No.  6:08-1147-MBS-WMC |
| | ) |
| Guy Willard Tooker, and Bao Tran; | ) C/A No.  6:08-1149-MBS-WMC |
| | ) |
| Calvin Broadus, d/b/a Snoop Doggy Dog; | ) C/A No.  6:08-1150-MBS-WMC |
| | ) |
| Ice Cube, a/k/a O'Shea Jackson, and | ) C/A No.  6:08-1151-MBS-WMC |
| Ice T, a/k/a Tracy Morrow; | ) |
| | ) |
| Ruben Studdard, and Taylor Hicks; | ) C/A No.  6:08-1152-MBS-WMC |
| | ) |
| Anna Nemtsova, d/b/a Newsweek, and | ) C/A No.  6:08-1153-MBS-WMC |
| Sharon Begley; | ) |
| | ) |
| Andrea Jung, d/b/a Avon Products, and | ) C/A No.  6:08-1154-MBS-WMC |
| Angela Braly, d/b/a Wellpoint; | ) |
| | ) |
| Hakeem Olajuwon, and David Robinson; | ) C/A No.  6:08-1155-MBS-WMC |
| | ) |
| Albertson's Inc., and FCI Williamsburg; | ) C/A No.  6:08-1171-MBS-WMC |
| | ) |
| Alyssa Milano, and Anthony Sabato, Jr.; | ) C/A No.  6:08-1172-MBS-WMC |
| | ) |
| R.R. Donnelley & Sons, and Bureau of Prisons; | ) C/A No.  6:08-1173-MBS-WMC |
| | ) |
| Jerry Springer, and Geraldo Rivera; | ) C/A No.  6:08-1174-MBS-WMC |
| | ) |
| Doris Kearns Goodwin, and Oleg Cassini; | ) C/A No.  6:08-1175-MBS-WMC |
| | ) |
| Sam Donaldson, Bill Moyers, and FCI Williamsburg; | ) C/A No.  6:08-1176-MBS-WMC |
| | ) |
| Crohn's and Colitis Foundation of America, and | ) C/A No.  6:08-1178-MBS-WMC |
| FCI Williamsburg; | ) |
| | ) |
| Westminster Kennel Club Dog Show; | ) C/A No.  6:08-1179-MBS-WMC |
| | ) |
| John Birch Society, Macdonald Hays, and | ) C/A No.  6:08-1180-MBS-WMC |
| Laurence E. Bunker; | ) |
| | ) |
| Karen Argow Lucchese, and Peter M. Zuckerman; | ) C/A No.  6:08-1181-MBS-WMC |
| | ) |
| Beth Lusko-Gunderman, and Daryl P. Bowman; | ) C/A No.  6:08-1182-MBS-WMC |

| | |
|---|---|
| Bernard Arnault, and Christian Lecroix; | ) C/A No.  6:08-1184-MBS-WMC |
| | ) |
| Walter Haefner, and Charles J. Wyly, Jr.; | ) C/A No.  6:08-1185-MBS-WMC |
| | ) |
| Ray Marion Cuddy, and Jacob Harold Sherwood; | ) C/A No.  6:08-1186-MBS-WMC |
| | ) |
| Corey Lyndell Blount, and Ronald Lee Blount, Jr.; | ) C/A No.  6:08-1187-MBS-WMC |
| | ) |
| Sheldon Adelson, d/b/a Las Vegas Sands, Inc.; | ) C/A No.  6:08-1188-MBS-WMC |
| | ) |
| Andre Kudelski, d/b/a Nagra USA, Inc.; | ) C/A No.  6:08-1189-MBS-WMC |
| | ) |
| Francois Pinault, d/b/a Artemis America SA; | ) C/A No.  6:08-1190-MBS-WMC |
| | ) |
| Ronald R. Rewald, and Sunlin L.S. Wong; | ) C/A No.  6:08-1191-MBS-WMC |
| | ) |
| Theodore Waitt, and Norman Waitt; | ) C/A No.  6:08-1192-MBS-WMC |
| | ) |
| Mikhail Fridman, d/b/a OAO Alfa Bank, and Pyotr Aven; | ) C/A No.  6:08-1193-MBS-WMC |
| | ) |
| | ) |
| Henry Samueli, d/b/a Broadcom Corp., and Henry T. Nicholas, III.; | ) C/A No.  6:08-1194-MBS-WMC |
| | ) |
| | ) |
| Steven M. Rales, d/b/a Danaher Corp., and Mitchell P. Rales; | ) C/A No.  6:08-1195-MBS-WMC |
| | ) |
| | ) |
| Carmax Auto Superstores, Inc., and FCI Williamsburg; | ) C/A No.  6:08-1196-MBS-WMC |
| | ) |
| | ) |
| H.J. Heinz Co., Teresa Heinz Kerry, and FCI Williamsburg; | ) C/A No.  6:08-1197-MBS-WMC |
| | ) |
| | ) |
| Georgia-Pacific Corp., International Paper Co., and FCI Williamsbrug; | ) C/A No.  6:08-1198-MBS-WMC |
| | ) |
| | ) |
| Land O'Lakes, Inc., and FCI Williamsburg; | ) C/A No.  6:08-1199-MBS-WMC |
| | ) |
| Roger Ebert, Gene Shalit, and Federal Correctional Institution Williamsburg; | ) C/A No.  6:08-1200-MBS-WMC |
| | ) |
| | ) |
| Linda Lovelace, Ron Jeremy, Peter North, and FCI Williamsburg; | ) C/A No.  6:08-1201-MBS-WMC |
| | ) |
| | ) |
| Alexander & Baldwin, Inc. and FCI Williamsburg; | ) C/A No.  6:08-1202-MBS-WMC |

4

| | |
|---|---|
| Jan-Pro Franchising Int'l, Inc., and FCI Williamsburg; | ) C/A No. 6:08-1203-MBS-WMC |
| | ) |
| Niccolo Machiavelli, Bureau of Prisons, and FCI Williamsburg; | ) C/A No. 6:08-1204-MBS-WMC |
| | ) |
| Lesley Stahl, Andy Rooney, and FCI Williamsburg; | ) C/A No. 6:08-1205-MBS-WMC |
| | ) |
| Greta Van Susteren, Paula Zahn, and FCI Williamsburg; | ) C/A No. 6:08-1206-MBS-WMC |
| | ) |
| Defendants. | ) |
| | ) |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is a federal inmate at FCI-Williamsburg proceeding *pro se*.[1]  The eighty-two (82) complaints listed above, which are construed as civil rights actions pursuant to 42 U.S.C. § 1983,  request injunctive relief and/or monetary damages against a variety of defendants.[2]

### *Pro Se* Review

A review has been made of the *pro se* pleadings pursuant to the Prison Litigation Reform Act (PRLA).[3]  This review has also been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of*

---

[1]Riches is a well-known litigator in the federal courts, having filed more than 1,000 actions in various federal district and appellate courts since 2006.  *See* U.S. Party-Case Index, http://pacer.psc.uscourts.gov. ("Pacer") (showing 1,793 cases filed as of April 21, 2008.  Since December, 2007, Plaintiff has filed five hundred and sixty-eight (568) cases, including the present actions, with this Court.

[2]Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]It is noted that Plaintiff failed to provide the financial documents necessary to render these cases in proper form.  Typically, an order directing the prisoner to submit an Application to Proceed Without Prepayment of Fees and Costs (Form AO-240) and a Financial Certificate would be issued for each case. *See* Procedures In Civil Actions Filed By Prisoner *Pro Se* Litigants, Misc. No. 3:07-mc-5014-JFA.  However, as Plaintiff is barred by the "three strikes" rule in the above actions from proceeding *in forma pauperis,* an order directing Plaintiff to submit an application to proceed without prepayment of the fees would be futile.

*Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*) (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* complaints are subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Plaintiff's claims in the above listed cases are subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act.  This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

6

> be granted, unless the prisoner is under imminent danger of
> serious physical injury.

Congress enacted the three-strikes rule to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth and the Congress taketh away."). *See Also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

This Court may take judicial notice that the Plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[4] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaints unless (1) his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, or (2) he pays the full filing fee. 28 U.S.C. § 1915(g). *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).

In order to  invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-

---

[4]Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2006, and such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 4:06-442-MBS-WMC, 4:07-4094-MBS-WMC, 4:07-4095-MBS-WMC, 4:07-4097-MBS-WMC, 4:07-4098-MBS-WMC, and 6:07-4135-MBS-WMC.

7048, slip op. at 272, 200 Fed. App'x 270, 272 (4ᵗʰ Cir. 2006)(quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8ᵗʰ Cir. 2003)). In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."). *See also White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10ᵗʰ Cir. 1998)(vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger). Congress intended that the danger must exist at the time the complaint is filed. Therefore, the "imminent danger" exception does not apply to harms that have already occurred. *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2ⁿᵈ Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3ʳᵈ Cir. 2001)); *Medberry v. Butler*, 185 F. 3d 1189, 1193 (11ᵗʰ Cir. 1999); *Banos v. O'Guin*, 144 F. 3d 883, 884 (5ᵗʰ Cir. 1998).

Obviously aware of the potential three-strikes bar to his claims, Plaintiff includes the term "imminent danger" in many of the instant complaints.[5] Plaintiff also alleges that he has received threats from or been mistreated by many of the Defendants. Although Plaintiff uses the term "imminent danger" repeatedly, the instant pleadings fail to provide any specific fact allegations concerning an ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8ᵗʰ Cir. 2003). Plaintiff's vague assertions regarding the receipt of threats from many of the Defendants are insufficient to raise a credible claim of imminent danger, *See White v. State*

---

[5]Plaintiff further attempts to circumvent the three-strikes rule by styling many of his actions as "28 U.S.C. 2241, Habeas Corpus" or "28 U.S.C. 2241/Bivens Action". However, as these actions seek relief from a variety of allegedly unconstitutional prison conditions, they have been construed as actions brought pursuant to 42 U.S.C. § 1983.

*of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998), and the "imminent danger" exception does not apply to Plaintiff's claims regarding past mistreatment.  *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3rd Cir. 2001)). As the instant complaints do not invoke the "imminent danger" exception to § 1915(g), Plaintiff is barred by the "three-strikes" rule from proceeding with the above referenced cases, unless the filing fees are paid.

**Plaintiff is hereby given a period of ten (10) days, from the date of service of this Report and Recommendation, to pay the three hundred fifty ($350.00) dollar filing fee for *each* of the eighty-two (82) instant cases.   The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for payment of the filing fees by mail.**

## Imposition of Sanctions

Plaintiff has demonstrated a propensity to file frivolous law suits in this Court.  To date, Plaintiff has filed at least thirty-four (34) cases which have been summarily dismissed by the Court due to frivolity, maliciousness, or failure to state a claim upon which relief may be granted.[6]  In addition, Plaintiff has filed at least eighty-two (82) cases, since December of 2007, which have been dismissed for lack of prosecution/failure to comply with an order of

---

[6]*See* Civil Action Numbers: 4:07-cv-04094-MBS-WMC; 4:07-cv-04095-MBS-WMC; 4:07-cv-04097-MBS-WMC; 4:07-cv-04098-MBS-WMC; 6:07-cv-04135-MBS-WMC; 6:07-cv-04136-MBS-WMC; 6:07-cv-04137-MBS-WMC; 6:07-cv-04138-MBS-WMC; 6:07-cv-04139-MBS-WMC; 6:07-cv-04141-MBS-WMC; 6:07-cv-04142-MBS-WMC; 6:07-cv-04143-MBS-WMC; 6:07-cv-04144-MBS-WMC; 6:07-cv-04145-MBS-WMC; 6:08-cv-00098-MBS-WMC; 6:08-cv-00099-MBS-WMC; 6:08-cv-00100-MBS-WMC; 6:08-cv-00101-MBS-WMC; 6:08-cv-00102-MBS-WMC; 6:08-cv-00120-MBS-WMC; 6:08-cv-00121-MBS-WMC; 6:08-cv-00122-MBS-WMC; 6:08-cv-00123-MBS-WMC; 6:08-cv-00124-MBS-WMC; 6:08-cv-00125-MBS-WMC; 6:08-cv-00166-MBS-WMC; 6:08-cv-00167-MBS-WMC; 6:08-cv-00168-MBS-WMC; 6:08-cv-00169-MBS-WMC; 6:08-cv-00170-MBS-WMC; 6:08-cv-00171-MBS-WMC; 6:08-cv-00172-MBS-WMC; 6:08-cv-00173-MBS-WMC; 6:08-cv-00174-MBS-WMC.

this Court[7]. Ninety-three (93) additional cases have been dismissed due to the "three strikes" rule of U.S.C. § 1915(g).[8] Plaintiff has been warned, in one hundred and twelve (112) cases, that sanctions could be imposed which would place restrictions on Plaintiff's ability to file future cases in this Court if he: (1) continued to submit cases which he failed to pursue and prosecute, and/or (2) continued to file cases which failed to state a claim upon which relief may be granted or were deemed frivolous or malicious. Despite this admonishment, Plaintiff has continued to file cases which are frivolous, fail to state a claim upon which relief may be granted, or are barred due to the three strikes rule. Thus, it appears Plaintiff will continue to waste this Court's precious judicial resources unless restrictions are placed on Plaintiff's future submissions.

This Court has the authority to order a prefiling injunction or other appropriate sanction against vexatious litigants. *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). *See also Thomas v. Fulton*, No. 07-1713, 2008 WL 64651, slip op. (4th Cir. Jan. 7, 2008)(a prefiling injunction must be narrowly tailored to fit the circumstances of the case); *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five factors for court to consider before imposing order of prefiling review); *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981)("joined other courts in approving prefiling review of complaints brought by prisoners

---

[7]*See* Civil Action Numbers: 4:07-cv-4096-MBS-WMC and 6:08-cv-0230-MBS-WMC; 6:08-cv-0232-MBS-WMC thru 6:08-cv-0239-MBS-WMC; 6:08-cv-0253-MBS-WMC thru 6:08-cv-0262-MBS-WMC; 6:08-cv-0294-MBS-WMC thru 6:08-cv-0301-MBS-WMC; 6:08-cv-0332-MBS-WMC thru 6:08-cv-0349-MBS-WMC; 6:08-cv-0393-MBS-WMC thru 6:08-cv-0396-MBS-WMC; 6:08-cv-0412-MBS-WMC thru 6:08-cv-0419-MBS-WMC; 6:08-cv-0474-MBS-WMC thru 6:08-cv-0481-MBS-WMC; 6:08-cv-0507-MBS-WMC thru 6:08-cv-0513-MBS-WMC; 6:08-cv-0565-MBS-WMC thru 6:08-cv-0574-MBS-WMC.

[8]*See* Civil Action Numbers: 6:08-cv-0613-MBS-WMC thru 6:08-cv-0618-MBS-WMC; 6:08-cv-0620-MBS-WMC thru 6:08-cv-0621-MBS-WMC; 6:08-cv-0631-MBS-WMC thru 6:08-cv-0636-MBS-WMC; 6:08-cv-0679-MBS-WMC thru 6:08-cv-0690-MBS-WMC; 6:08-cv-0716-MBS-WMC thru 6:08-cv-0726-MBS-WMC; 6:08-cv-0757-MBS-WMC thru 6:08-cv-0769-MBS-WMC; 6:08-cv-0780-MBS-WMC thru 6:08-cv-0791-MBS-WMC, and 6:08-cv-0793-MBS-WMC; 6:08-cv-0824-MBS-WMC thru 6:08-cv-0832-MBS-WMC; 6:08-cv-0916-MBS-WMC thru 6:08-cv-0924-MBS-WMC; 6:08-cv-0949-MBS-WMC thru 6:08-cv-0951-MBS-WMC; 6:08-cv-0953-MBS-WMC thru 6:08-cv-0961-MBS-WMC.

with a history of litigiousness"); *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977). The sanctions which the Court may consider include, but are not limited to: (1) denial of proceeding without prepayment of the filing fee, (2) the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted, (3) monetary sanctions that will have to be satisfied before any further filings may be made, (4) dismissal of any action, (5) entry of an order of contempt of court, and (6) any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure.

Overly litigious, malicious, and/or vexatious individuals, such as the Plaintiff, place a burden on the judicial system and divert judicial resources from other pending litigation. A court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992). Due to Plaintiff's extensive history of frivolous filings, other district courts have placed various restrictions on Plaintiff's ability to file future civil complaints. *See In re Jonathan Lee Riches*, No. 1:08-cv-0498-WBH (N.D. Ga. March 27, 2008)(requiring Plaintiff to obtain leave of the Court before filing any new lawsuit); *Riches v. Stanley Allen Acuff, et al.*, No. AW-08-449, n. 6 (D. Md., February 26, 2008)(finding it appropriate to issue a pre-filing injunctive standing order); *Riches v. Lemony Snicket, et al.*, No. 3:08-cv-00001-FPS-JES(N.D. W. Va., February 1, 2008)("that the Clerk be instructed not to file any further actions received from Jonathan Lee Riches without the express written Order of a Judge of this Court")*; Riches v. Giambi, et al.*, No. 3:07-cv-06273-MJJ (N.D. Ca., January 2, 2008)(requiring payment of the filing fee); *Riches v. Simpson, et al.*, No. 6:07-cv-1504-Orl-31-KRS, slip. op. at 1-2 (M.D. Fla. Sept. 24, 2007)(requiring Plaintiff to pay the full filing fee).

11

Plaintiff has filed five hundred and sixty-eight (568) complaints in this Court since December of 2007, setting forth frivolous, nonsensical, and largely improbable claims against a litany of Defendants. Plaintiff has clearly demonstrated that he is a vexatious and abusive litigant in this Court. Given the numerous warnings regarding the imposition of possible sanctions that Plaintiff has already received and ignored, it appears that no alternative to a prefiling injunction will protect the Court. Therefore, it is recommended that the Court issue a filing injunction against the Plaintiff. The filing injunction would direct the Clerk of Court to return any civil action submitted to this Court by the Plaintiff, unfiled, unless the following requirements are met:

(1) Payment of the full statutory filing fee (currently $350.00) at the time any new civil case is submitted for filing;

<u>or</u>

(2) Submission of a petition to the Clerk of Court seeking leave to file a new civil case. The petition must contain **all** of the following information:

a)The name of the defendant(s) that Plaintiff intends to sue *pro se*, without payment of the filing fee;

b) For each defendant named, that defendant's domicile;

c) For any defendant whose domicile is outside of this District, a statement explaining why this Court would enjoy personal jurisdiction over that defendant and why venue for Plaintiff's claim is proper in this Court;

d) A brief summary setting forth with specificity what each defendant has done to cause Plaintiff injury;

e) A statement setting forth the legal theory pursuant to which Plaintiff believes he is entitled to relief.

f) A statement (under penalty of perjury and subject to all sanctions available to the Court for untrue statements) that, to the best of Plaintiff's knowledge:

12

1) the information contained in the petition is true and correct;
2) the legal arguments are not frivolous or made in bad faith;
3) the proposed case does not involve any of the same factual or legal matters as were/are involved in any of Plaintiff's previously disposed/currently pending civil actions in this Court; and
4) that Plaintiff will comply with the local rules of this Court and with the Federal Rules of Civil Procedure.

g) The petition for leave to file a new complaint must be signed by Plaintiff in Plaintiff's full legal name. The following statement must appear above Plaintiff's signature: "This document and all statements contained herein or attached hereto are submitted under penalty of perjury and subject to all available Court-imposed sanctions for untruthfulness, frivolity, and/or vexatiousness."

h) An official notary public seal and signature in proper legal form, attesting to the validity of Plaintiff's signature, must be affixed to the signature page of Plaintiff's petition.

i) the following documents must be attached to the petition for leave to file a new civil action:

1) A complete signed original of the pleading that Plaintiff wishes to file as a new case *pro se*, and without payment of the filing fee:
2) A fully completed and signed Form AO-240 (Application to Proceed without Prepayment of Fees and Affidavit);
3) A fully completed Financial Certificate; and
4) Fully completed Court approved service of process forms (summons and Form USM-285) for each defendant or respondent named in the pleading.

## Recommendation

Should Plaintiff fail to pay the filing fees as directed above, it is recommended that the complaints be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g). *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines*

13

*v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993);

*Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  It is further recommended that the United

States District Judge assigned to this case consider the entry of the above sanctions against

Plaintiff. The Plaintiff's attention is directed to the important notice on the next page.


April 23, 2008                                  s/William M. Catoe
Greenville, South Carolina              United States Magistrate Judge

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).